UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DALTON J. TENANT**

    **Plaintiff,**

vs.                                                                                    CASE NO.:

**DISCOVERY AVIATION, INC**
a Foreign For Profit Corporation,
and
**MAGOMED MAGOMEDOV**,
individually,

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **DALTON J. TENANT**, (hereinafter "Plaintiff") by and through his undersigned counsel, sues Defendants, **DISCOVERY AVIATION, INC** and **MAGOMED MAGOMEDOV**, (hereinafter collectively "Defendants"), and alleges as follows:

*Introduction*

1. This is an action by the Plaintiff against his former employers for unpaid minimum wages, liquidated damages and other relief arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

*Parties, Jurisdiction and Venue*

2. The unlawful employment practices alleged were committed within Brevard County, Florida.

3. Plaintiff, **DALTON J. TENANT**, is and has been a resident of Brevard County, Florida, at all times material herein.

4.      Defendant, **DISCOVERY AVIATION, INC**, is a Delaware corporation transacting business in Brevard County, Florida at all time material herein.

5.      Defendant, **MAGOMED MAGOMEDOV** is a foreign person transaction business in Brevard County, Florida, at all times material herein.

6.      At all time relevant, **DISCOVERY AVIATION INC**, operated an aviation company with its principal place business located at 100 Aerospace Dr, Unit 4, Melbourne, FL 32901.

7.      This action arises under FLSA, 29 U.S.C. § 206(a)(1). The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

*General Allegations*

8.      Plaintiff was an employee of Defendants within the meaning of FLSA, 29 U.S.C. § 203(e).

9.      Defendants are employers as defined by FLSA, 29 U.S.C. § 203(d).

10.     At all times material hereto Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 207(a).

11.     Plaintiff handled the sale of goods that passed through interstate commerce as they were delivered from other states.

12.     At all times material hereto Defendant, DISCOVER AVIATION, INC. was engaged in interstate commerce per 29 U.S.C. §203(s) because it had employees who engaged in the manufacturing, production and sales of aircrafts which travelled in interstate commerce and sold aircrafts to customer in other states.

13.     At all times material hereto, Defendant, DISCOVERY AVIATION, INC. had an annual gross dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000) per 29 U.S.C. § 203(s).

14. Defendant, DISCOVERY AVIATION, INC., operates as a fully integrated aircraft manufacturer also engaged in engineering, flight testing and aircraft sales and service.

15. At all times relevant to this action Defendant, MAGOMED MAGOMEDOV regularly exercised the authority to: (a) hire and fire employees of DISCOVERY AVIATION, INC; (b) determine the work schedules for the employees of and (c) control the finances and operations of DISCOVERY AVIATION, INC. By virtue of having regularly exercised that authority on behalf of DISCOVERY AVIATION, INC, Defendant MAGOMED MAGOMEDOV was an employer of the Plaintiff as defined by 29 U.S.C. §201, et seq.

16. Plaintiff does not possess the complete records relating to his work hours and compensation; Defendants are in possession of such records, and responsible for their storage and safekeeping.

17. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

18. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC. to represent his interest in this matter and Plaintiff has agreed to pay said firm a reasonable attorney's fee for its services.

### **COUNT I: VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW**

19. Plaintiff re-alleges and incorporates paragraphs 1 through 18 of this Complaint as set forth in full herein.

20. The action is brought pursuant to the employment relationship of the parties in regards to unpaid minimum wages

21. Defendants violated 29 U.S.C. § 206, the ("Federal minimum wage provision") by failing to compensate the Plaintiffs at a rate not less than $7.25 an hour.

22. In or about March 2018, Plaintiff began working for Defendants.

23. Plaintiff worked as a laborer for the Defendants.

24. Plaintiff's employment with Defendants ended in or about August 2019.

25. Plaintiff worked as an hourly employee earning a rate of $14.50 an hour.

26. Plaintiff did not receive payment for in excess of three hundred thirty eight hours (338) worked during the course of his employment with the Defendants.

27. Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during his employment with Defendants.

28. Defendants are not exempt from the minimum wage provision of the FLSA. Paying Plaintiff less than minimum wage is a violation of the Fair Labor Standards Act.

29. Defendants' actions were intentional, reckless or malicious.

30. Defendants actions were willful and not in good faith.

31. Defendant did not have a good faith basis for their decision not to pay Plaintiff his unpaid minimum wages.

32. As a direct, foreseeable, and proximate cause of Defendants' actions Plaintiff have been damaged.

33. Specifically Defendants are liable to the Plaintiff for liquidated damages, and attorney fees and costs in conjunction with this action

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which they may be entitled, including, but not limited to:

    A.    Unpaid minimum wages found to be due and owing;

    B.    An additional and equal amount of liquidated damages;

    C.    An award of reasonable attorney's fees and all costs incurred herein; and

    D.    All other damages to which Plaintiffs may be entitled

## COUNT II: BREACH OF CONTRACT - UNPAID WAGE

34. Plaintiff re-alleges and incorporates paragraphs 1 through 18 of this Complaint as set forth in full herein.

35. This is an action for unpaid wages owed to the Plaintiff.

36. At all time material hereto, Plaintiff was employed by Defendants as a laborer.

37. In or about March 2018, Plaintiff and Defendants entered into an employment agreement wherein Plaintiff would provide services as a laborer for the benefit of Defendants to with Defendants would compensate Plaintiff.

38. Defendant agreed to pay the Plaintiff at a rate of $14.50 per hour.

39. Plaintiff fully complied with the terms of the parties' agreement by performing his job duties in a professionally competent manner.

40. Defendants breached the agreement by failing to pay Plaintiff his wages in excess of at least three hundred and thirty eight (338) hours that he worked.

41. Plaintiff is owed in excess of $4,903.48.

42. Plaintiff was damaged as a result of wages being withheld by Defendants.

43. Defendants' actions were willful and not in good faith.

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which they may be entitled, including, but not limited to:

    A.  Judgment for the back pay found to be due and owing to the Plaintiff;

    B.  Such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 13th day of November, 2019.

                                    **ARCADIER, BIGGIE & WOOD, PLLC.**

                                    */s/ Maurice Arcadier, Esquire*
Maurice Arcadier, Esquire
Florida Bar No.: 0131180
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Stephen Biggie, Esquire
Florida Bar No.: 0084035
Ethan B. Babb, Esquire
Florida Bar No.: 127488
Attorneys for Plaintiff
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@abwlegal.com
Secondary Email: arcadier@abwlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075