# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DALTON J. TENANT,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　Case No: 6:19-cv-2165-Orl-41DCI

**DISCOVERY AVIATION, INC. and**
**MAGOMED MAGOMEDOV,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Joint Motion for Approval of Settlement (Doc. 13)
>
> **FILED:** February 20, 2020
>
> **THEREON** it is **Recommended** that the motion be **GRANTED**.

### I. Background

Plaintiff brought this action against Defendant for failure to pay minimum wages in violation of the Fair Labor Standards Act (FLSA). Doc. 1. The parties subsequently filed a joint motion to approve their settlement, to which they attached their settlement agreement. Docs. 13 (the Motion); 13-1 (the Agreement). Under the Agreement, Plaintiff will receive $2,302.88 in unpaid wages, $2,302.88 in liquidated damages, and $2,500.00 in attorney fees and costs. Doc. 13-1. The parties argue that the Agreement represents a reasonable resolution of Plaintiff's FLSA

claims, and the parties request that the Court grant the Motion and dismiss the case with prejudice. Doc. 13.

## II. Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. Discussion

#### A. The Settlement

The parties assert that the Agreement reflects a reasonable compromise of the disputed issues in this case, "including primarily whether the Plaintiff was at material times an Independent Contractor, the amount of hours Plaintiff worked, the rate at which hours worked would be compensated, the nature and extent of the work performed, whether overtime compensation is owed, and whether liquidated damages are appropriate." Doc. 13 at 3. The parties have been represented by counsel throughout this case, exchanged information, and engaged in settlement discussions. *Id*. "The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of all of the disputed issues, and reflects a desire by all Parties to end the litigation." *Id*. Plaintiff will receive damages as part of the settlement in the amount of $2,302.88 plus liquidated damages in the amount of $2,302.88. *Id*. The undersigned finds that this is a fair and reasonable compromise based on the reasons articulated in the Motion. Therefore,

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

it is **RECOMMENDED** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. The Other Terms of the Agreement

Upon review of the Agreement, the undersigned finds that the Agreement does not contain a confidentiality provision, non-disparagement clause, an allowance for written modifications, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements.

However, the undersigned is concerned that the release contained within the Agreement, while not a general release, goes well beyond the wage claims at issue in this action, and that no additional consideration was provided for this release. Specifically, the section 3 of the Agreement specifies that: "Tennant represents and warrants that neither Tennant nor any other person or entity has initiated or will initiate any proceedings, lawsuit, or claim of any kind or nature either in law or equity on Tennant's behalf, arising out of her employment with The Released Parties." Doc. 13-1 at 7-8. This language appears to contain a promise that Plaintiff will not initiate any proceedings, lawsuit, or claim of any kind or nature either in law or equity on Tennant's behalf, arising out of her employment with Defendants.

Although the Eleventh Circuit has not addressed the effect of a general release on the fairness and reasonableness of an FLSA settlement, a number of courts in this District have questioned the propriety of such a release in FLSA settlements. *See, e.g.*, *Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) (citing *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010)). In *Moreno*, the Court explained as follows:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the

> matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release—that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno*, 729 F. Supp. 2d at 1351-52 (internal citations omitted). In light of these concerns, the unexplained inclusion of a general release in a FLSA settlement often results in a finding that the settlement is not a fair and reasonable resolution of a plaintiff's FLSA claims. *See, e.g.*, *Bright*, 2012 WL 868804, at *4; *Shearer v. Estep Const., Inc.*, Case No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *4 (M.D. Fla. May 20, 2015) (finding mutual general release prohibited the court from assessing its impact on the fairness and reasonableness of the settlement agreement).

That is not to say a general release may never be included in a FLSA settlement. Courts have approved FLSA settlements with general releases where the parties provide the Court, through their motion or an affidavit, with sufficient information regarding any other claims that the employee is knowingly releasing, including the fair value of such claims, whether those claims are being compromised and, if so, the reasons for such compromise and the consideration given in exchange for the general release. *See, e.g., Middleton v. Sonic Brands L.L.C.,* Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing separate consideration for a general release); *Bright*, 2012 WL 868804, at *5 (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her).

In this case, the parties have provided no explanation regarding the broad release, nor has there been separate consideration given in exchange for the release. *See* Doc. 13. Instead, the

parties represent that "[t]he Release language contained in Section 4. of the agreement is narrowly tailored to encompass only the alleged claims for violation of FLSA and nonpayment of wages due and owing." *Id*. at 4. However, that argument ignores the preceding section of the Agreement, which appears to encompass a promise not to bring "any" action "arising out of" Plaintiff's "employment" with Defendants. Because that promise is overly broad and no separate consideration is provided for it, the undersigned recommends that it be stricken.[4]

Accordingly, it is **RECOMMENDED** that the Court strike the second sentence of section 3 of the Agreement and find that the remainder of the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs

Plaintiff's counsel will receive $2,500.00 in attorney fees and costs for representing Plaintiff in this case. Doc. 13. The parties state that the attorney fees were "negotiated separately from Plaintiff's recovery and without regard to the amount of Plaintiff's recovery." Doc. 13 at 4. The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 13) be **GRANTED**;

---

[4] The undersigned is recommending the section be stricken and the remainder of the Agreement approved because: 1) the Agreement contains a severability provisions (section 8); and 2) the parties retain the benefit of section 4, which is titled "release."  See Doc. 13-1.

2. The Court **STRIKE** the second sentence of section 3 of the Agreement;

3. The Court find the remainder of the Agreement (Doc. 13-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;

4. The case be **DISMISSED with prejudice**; and

5. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 4, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy